# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALBERT LUCAS HERNANDEZ, JR.,
NAME CHANGED TO ALBERT
CALVIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71087

FILED

JUN 29 2017

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of driving under the influence of a controlled substance. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

On October 16, 2014, this court issued an opinion in *Byars v. State*, concluding that Nevada's implied consent statute was unconstitutional. 130 Nev., Adv. Op. 85, 336 P.3d 939 (2014). Less than twenty-four hours later, on October 17, 2014, appellant Albert Hernandez was arrested for suspicion of driving under the influence of a controlled substance. The arresting officer read Hernandez an implied consent warning based on the recently invalidated statute, which informed Hernandez that he was "required" to consent to chemical testing. After hearing the warning, Hernandez indicated that he would submit to testing, and cooperated with the phlebotomist who withdrew two vials of blood.

Based on test results, the State charged Hernandez with a felony count of driving under the influence of a controlled substance. The district court denied Hernandez's subsequent motion to suppress the blood

17-21743

test results. The single issue presented for this court's review is whether the district court erred in denying Hernandez's motion to suppress.

When reviewing the denial of a motion to suppress, this court "review[s] the district court's findings of . . . fact for clear error but review[s] the legal consequences of those factual findings de novo." *Somee v. State*, 124 Nev. 434, 441, 187 P.3d 152, 157-58 (2008).

Both the United States Constitution and the Nevada Constitution protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Nev. Const. art. 1, § 18. Generally, a warrantless search is unreasonable and any evidence obtained must be suppressed, unless a defendant consents to the search or the search falls within another recognized exception to the warrant requirement. *Missouri v. McNeely*, 569 U.S. ___, ___, 133 S. Ct. 1552, 1558 (2013); *see also Byars*, 336 P.3d at 943.

The parties agree that the only exception to the warrant requirement at issue in this case is actual consent to search. To be valid, actual consent must be "voluntarily given, and not the result of duress or coercion, express or implied." *McMorran v. State*, 118 Nev. 379, 383, 46 P.3d 81, 83 (2002) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973)). "Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." *Id.* (quoting *Schneckloth*, 412 U.S. at 248-49); *see also Birchfield v. North Dakota*, 579 U.S. ___, ___, 136 S. Ct. 2160, 2186 (2016) (reaffirming that when a suspect is erroneously informed that he is

required to consent to blood testing, the validity of any subsequent consent must still be evaluated under the totality of the circumstances).

The district court found that based on the totality of the circumstances, Hernandez gave voluntary consent to search. Under the facts of this case, this conclusion was not clearly erroneous. While Hernandez was told that the law required him to consent to a blood test, he was also correctly informed that if he refused to consent the requesting officer could apply for a court order to authorize the blood draw through the use of force. The district court noted that: the record was devoid of any evidence of intimidation or harassment, Hernandez presented no evidence that he was incapable of understanding the issue of consent, and Hernandez willingly complied with hospital protocol for the blood draw. Based on these circumstances, we uphold the denial of the motion to suppress. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Lynne K. Simons, District Judge
Washoe County Public Defender
Attorney General/Carson City

Washoe County District Attorney
Washoe District Court Clerk

